UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER GAKUBA,

    Plaintiff,

v.

HOLLYWOOD VIDEO LLC, et al.,

    Defendants.

No. 2:15-cv-00630-MCE-AC

ORDER

    Plaintiff has requested authority under 28 U.S.C. § 1915 to proceed in forma pauperis. Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

    The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a resident of Illinois, where the events described herein took place. ECF No. 1 at 3, 13. Plaintiff alleges that on November 4, 2006, Illinois State Police ordered Hollywood Video LLC ("Hollywood Video") to disclose the personal information of everyone who had rented the following three movies: Scary Movie, Scary Movie 2, and Scary Movie 3. Id. at 3. Law enforcement officials requested these records without securing a warrant pursuant to a criminal investigation, or obtaining plaintiff's consent. Id. Hollywood Video complied with the request and criminal charges, still pending, were filed against plaintiff. Id.[1]

---

[1] Plaintiff does not explain in his complaint why law enforcement sought his video rental history, or what charges were filed against him. Plaintiff does, however, reference two Seventh Circuit orders in his complaint, one of which includes this explanation:

> In 2006 a runaway teenager accused Gakuba of kidnapping and raping him in Rockford, Illinois. Gakuba alleges that investigating police barged into his Rockford hotel room without a warrant and seized his wallet and other unspecified items. The police acted after obtaining Gakuba's video rental records from Hollywood Video to corroborate the accuser's story that he had spent time watching videos in Gakuba's room. Gakuba was charged in Winnebago County Circuit Court with three counts of aggravated sexual abuse; those charges remain pending.

Gakuba v. O'Brien, 711 F.3d 751, 752 (7th Cir. 2013).

2

1    In 2011, plaintiff discovered that law enforcement officials had obtained his video rental
2    records without a warrant. Id. at 3–4. Apparently, officials backdated a search warrant that had
3    actually been obtained after the search took place. Id. Plaintiff then filed two civil actions in
4    Illinois District Court challenging the search, Gakuba v. O'Brien, No. 1:12-cv-07296 (N.D. Ill.
5    Sept. 12, 2012), and Gakuba v. Kurtz, No. 3:13-cv-50112 (N.D. Ill. Aug. 30, 2013).[2] Id. at 4.
6    Plaintiff filed his complaint in O'Brien on September 12, 2012. OECF No. 1. The district court
7    dismissed plaintiff's claims on September 26, 2012. OECF No. 7. The Seventh Circuit reversed
8    on appeal, 711 F.3d 751, 753 (7th Cir. 2013), and those claims are still pending, OECF No. 254.
9    Plaintiff filed his complaint in Kurtz on April 1, 2013. KECF No. 1. The district court dismissed
10   plaintiff's claims on April 3, 2013. KECF No. 5. The Seventh Circuit affirmed on appeal. 523
11   F. App'x 402, 403 (7th Cir.), cert. denied, 134 S. Ct. 517 (2013).

12   On March 20, 2015, plaintiff filed his complaint in this matter. ECF No. 1. Plaintiff's
13   complaint brings claims for violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. §
14   2710, and his First Amendment rights against Hollywood Video, U.S. Attorney General Eric
15   Holder, and Illinois Attorney General Lisa Madigan. Id. at 1. Plaintiff alleges that defendants
16   violated the VPPA and his constitutional rights by exchanging his video rental records without a
17   warrant. Id. at 3. Plaintiff requests that the court issue a temporary restraining order, declaratory
18   judgment, and injunctive relief barring Hollywood Video from conspiring with law enforcement
19   to reveal his personal information. Id. at 16–18. Plaintiff also filed a motion styled as a "motion
20   for use of the CM/ECF Before the District Court" on March 20, 2014. ECF No. 4. The court
21   construes plaintiff's motion as a motion for electronic filing. Also on March 20, 2014, the court

---

[2] The court hereby takes judicial notice of the district and appellate court filings in plaintiff's preceding cases. District Courts may take judicial notice, even sua sponte, of matters capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(c); see also Mesa Grande Band of Mission Indians v. Salazar, 657 F. Supp. 2d 1169, 1172 (S.D. Cal. 2009). It is well established that federal courts may take judicial notice of related court orders and proceedings pursuant to this rule. United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007). Accordingly, the court takes judicial notice of the filings in the foregoing cases as they are directly related to plaintiff's claims.

The court will also hereinafter cite district court electronic filings in O'Brien as "OECF No. _" and Kurtz as "KECF No. _."

denied plaintiff's application for a temporary restraining order for failure to comply with Local Rule 231.  ECF No. 5.

LEGAL PRINCIPLES

I.	Personal Jurisdiction

Personal jurisdiction is an essential element of a court's jurisdiction and without it, a court "is powerless to proceed to an adjudication." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 575 (1999). "Because a court without jurisdiction over the parties cannot render a valid judgement, [the court] must address Defendants' personal jurisdiction argument before reaching the merits of the case." OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1090 (10th Cir. 1998).  A plaintiff has the burden to make a prima facie showing of a court's personal jurisdiction over a defendant. See Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).

The prima facie showing is achieved by producing admissible evidence which, if believed, would sufficiently establish personal jurisdiction. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). Accordingly, the court accepts uncontroverted facts in the complaint as true. Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011). Jurisdictional facts cannot, however, be established by nonspecific, conclusory statements. Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986) (citing Kaylor v. Fields, 661 F.2d 1177, 1182–83 (8th Cir. 1981) (although liberally construed, the complaint "must contain something more than mere conclusory statements that are unsupported by specific facts")).

To determine whether plaintiff has shown personal jurisdiction when no federal statute governs such jurisdiction, the court applies the law of the state in which it sits. See generally Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  Because no federal law controls personal jurisdiction in this matter, the court applies the law of California.  28 U.S.C. § 1652; Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004); see also Fed. R. Civ. P. 4(k)(1)(A).  California's long-arm statute permits personal jurisdiction up to the U.S. Constitution's due process limits.  Cal. Civ. Proc. Code § 410.10.  The only question is whether

4

the constitutional due process standard is met, because "the jurisdictional analyses under state law and federal due process are the same." Schwarzenegger, 374 F.3d at 800–01.  The due process clause prohibits the exercise of jurisdiction over nonresident defendants unless those defendants have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation omitted).

## DISCUSSION

I.   Personal Jurisdiction

A defendant's contacts with a forum may be either general or specific to the claim, depending on the type and extent of those contacts.  Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991).

   A.   General Jurisdiction

The first question is whether personal jurisdiction may be exercised over the defendants on the basis of general jurisdiction.  General jurisdiction applies where a defendant's activities in the state are "substantial" or "continuous and systematic."  Data Disc., 557 F.2d at 1287 (internal quotations omitted).  These continuous and systematic contacts with a state allow the court to exercise general jurisdiction over defendants on causes of action which are "entirely distinct" from the acts which conferred jurisdiction.  Id. at 2853.  Thus, in a corporate context, a defendant must "approximate physical presence" by making itself "at home."  Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1169 (9th Cir. 2006).  "[A] defendant must not only step through the door, it must also 'sit down and make itself at home.'"  See id. (quoting Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1125 (9th Cir. 2002)).  Contacts such as a "long-established presence," generation of "substantial revenue" from a state, and having "many in-state consumers" have all been used to establish general jurisdiction.  Id.

Plaintiff has not met his burden of establishing the court has general jurisdiction over any of the defendants.  Plaintiff alleges that this court has personal jurisdiction over Hollywood Video because its employees have had plaintiff "targeted."  ECF No. 1 at 12.  Plaintiff also alleges that Hollywood Video operates primarily in Sacramento, California, where it retains and controls

customer account records.  Id.  To justify a finding of general jurisdiction plaintiffs must meet an "exacting standard, . . . because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Schwarzenegger, 374 F.3d at 801.  Although plaintiff alleges that Hollywood Video operates primarily in Sacramento, California, where it controls customer records, he does not explain what this means.  Nor does he support these assertions with allegations of specific facts, such as facts regarding the location of Hollywood Video's corporate headquarters or HR department, or the percentage of its business that is conducted in the Eastern District of California.  In addition, plaintiff does not allege any facts that would support a finding that the court has personal jurisdiction over Defendants Holder and Madigan, neither of whom resides or performs their official duties in the Eastern District of California.  Accordingly, the court finds that plaintiff has failed to allege facts establishing it has general jurisdiction over any of the defendants.

        B.        Specific Jurisdiction

        The court next considers whether it may exercise personal jurisdiction over defendants on the basis of specific jurisdiction.  Specific jurisdiction, unlike general jurisdiction, requires a defendant have sufficient, specific contact with the state.  Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2851 (2011).  This second basis gives the court jurisdiction over claims "arising out of or related to" the defendants' contacts with California.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985).  A court has specific jurisdiction when defendants (1) purposefully direct their activities or consummate some transaction with the forum or resident, or they purposefully avail themselves of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. Schwarzenegger, 374 F.3d at 802.  The plaintiff bears the burden of establishing the first two prongs, then once that is accomplished the burden shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable.  Burger King, 471 U.S. at 477.

        Plaintiff has not met his burden of establishing the court's specific jurisdiction in this matter because none of his claims arise out of or relate to defendants' contacts with California.

6

Plaintiff's claims are all based on law enforcement officers' requests of video rental records from Hollywood Video in Illinois. ECF No. 1 at 3. Plaintiff's complaint does not include any allegations that defendants directed activities to California related to his claims. Accordingly, the court finds that plaintiff has failed to establish it has specific jurisdiction in this matter. Because the complaint fails to establish this court's jurisdiction over the defendants, it fails to state a claim that could entitle plaintiff to relief. Accordingly, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2), with leave to amend.

II.     Leave to Amend

If plaintiff chooses to amend his complaint, he must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Fed. R. Civ. P. 8(a). This means that he must allege specific facts supporting a finding of either specific or general jurisdiction for each defendant. Further, plaintiff must include as a defendant a person or entity subject to liability for his claims. The complaint must allege in specific terms how each named defendant is involved and include a short and plain statement of the facts as required by Federal Rule of Civil Procedure 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

III.    Res Judicata

Even if plaintiff is able to add facts on amendment that would support personal jurisdiction, any amended complaint based on the facts alleged here may be barred by res judicata. In deciding whether to amend, plaintiff should consider the following.

7

   "The doctrine of res judicata provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997). For res judicata to apply there must be "'(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties.'" Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). Where res judicata would bar a matter but for the lack of a final judgment it will be dismissed as duplicative. Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 689 (9th Cir. 2007), overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

   Plaintiff alleges that he has already filed numerous claims based on the events at issue in his complaint.[3] ECF No. 1 at 4, 11. At least two of the cases cited by plaintiff, O'Brien and Kurtz, are similar enough to this matter that res judicata likely applies. Both O'Brien and Kurtz share an identity of claims with this matter, as they are both based on law enforcement's alleged receipt of plaintiff's video rental records from Hollywood Video. See, e.g., Kurtz, 523 F. App'x at 403; O'Brien, 711 F.3d at 752. Defendants or individuals in privity with them also appear in O'Brien and Kurtz. In O'Brien, plaintiff sought monetary damages from Hollywood Video, OECF No. 1, while in Kurtz, plaintiff sought injunctive relief from the Illinois State Attorney's Office, privies of Defendants Holder and Madigan, KECF No. 1. Although a final judgment has not been issued in O'Brien, see OECF No. 254, this likely simply means that plaintiff's claims against Hollywood Video are barred as duplicative instead of by res judicata. In accordance with the foregoing, any amended complaint should include claims that have not already been litigated against defendants or those in privity with them.

IV. Case or Controversy

   In addition, any amended complaint must include a request for relief that establishes an actual case or controversy between the parties. The courts can only render decisions in matters

---

[3] Plaintiff cites Kurtz, 523 F. App'x 402 and O'Brien, 711 F.3d 751 as examples of cases related to this matter. ECF No. 1 at 4. He also cites a number of cases using incorrect or non-existent case numbers, including "Gakuba v. Johnson, 14-1080;" "Gakuba v. Karner, et al., 14-1150;" "Gakuba v. Fardon, et al.;" "Gakuba v. Karner, et al., 14-2630;" and "Gakuba v. Kapala, 14-2985."

1  where there is an actual case and controversy. Spencer v. Kenma, 523 U.S. 1, 7 (1998). In the
2  context of declaratory judgments, this means that plaintiffs must allege facts showing "there is a
3  substantial controversy, between parties having adverse legal interests, of sufficient immediacy
4  and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech,
5  Inc., 549 U.S. 118, 127 (2007). In other words, a declaratory judgment plaintiff must
6  demonstrate, by a totality of the circumstances, the existence of an actual or imminent injury that
7  can be redressed by judicial relief. Teva Pharm. USA, Inc. v. Novartis Pharm. Corp., 482 F.3d
8  1330, 1338 (Fed. Cir. 2007). In keeping with this requirement, courts are unable to remedy
9  claims "where plaintiff seeks to enjoin an activity that has already occurred."
10 Protectmarriage.com-Yes on 8 v. Padilla, No. 14-434, 2015 WL 852423 (U.S. Mar. 2, 2015)
11 (citing Foster v. Carson, 347 F.3d 742, 746 (9th Cir. 2003)).

12     Plaintiff requests that the court issue an injunction and declaratory judgment prohibiting
13 Hollywood Video from "conspiring" with law enforcement to release his personal information.
14 ECF No. 1 at 16–18. According to plaintiff's complaint, however, Hollywood Video has already
15 released his personal information. Id. at 3. Moreover, plaintiff does not allege any facts that
16 would establish he is in imminent danger of his personal information being revealed to law
17 enforcement a second time. Accordingly, the court finds that plaintiff's complaint does not
18 alleged facts establishing he is in danger of injury that can be redressed by judicial relief. Any
19 amended complaint should request relief comporting with the requirement that there be an actual
20 case or controversy between the parties.

21 V.    Motion for Electronic Filing

22     The court will grant plaintiff's application to file electronically. Although the Eastern
23 District of California is an electronic management/filing district, unrepresented persons are
24 required to file and serve paper documents unless the assigned Judge or Magistrate Judge grants
25 leave to utilize electronic filing. Local Rule 133(a) & (b)(2). A request to use electronic filing as
26 an exception to the rule may be made as a written motion setting out an explanation of reasons for
27 the requested exception. Id. 133(b)(3). Plaintiff's application states that he wishes to file
28 electronically because he believes it is the most efficient and least costly way for him to proceed

in this matter. ECF No. 4. In light of plaintiff's reasons for requesting access to electronic filing and his substantial experience litigating in federal court, the court will grant his request.

In accordance with the foregoing, THE COURT HEREBY ORDERS that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is GRANTED;

2. Plaintiff's request to file electronically is GRANTED;

3. Plaintiff's complaint, ECF No. 1, is DISMISSED; and

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: April 6, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE